IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RITA MATTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-0685-CV-W-DW |
| | ) |
| NORTH AMERICAN VAN | ) |
| LINES, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Pending before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 3), Plaintiff's Motion to File a Response Out of Time (Doc. 5) and Plaintiff's Reply and Suggestions in Opposition to Defendant's Motion to Dismiss (Doc. 6). Plaintiff's Motion to File a Response Out of Time is granted. Defendant's Motion to Dismiss is granted; Plaintiff is granted ten (10) days' leave from the date of this Order to amend her complaint.

Plaintiff filed a petition against Defendant in the Circuit Court of Cass County, Missouri on June 15, 2005 asserting a claim for property damage based on state common law. Defendant removed the case to Federal Court pursuant to exclusive Federal Court jurisdiction pursuant to the I.C.C. Termination Act of 1995 (the "Act").

I.  Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint, and construes the factual allegations in the light most favorable to the plaintiffs. Springdale Educ. Ass'n v. Springdale School Dist., 133

1

F.3d 649 (8th Cir. 1998). A motion to dismiss pursuant to this Rule tests whether the plaintiff has properly stated a claim upon which relief can be granted. Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L.Ed.2d 90, 94 S.Ct. 1683, 71 Ohio Op. 474 (1974). "In considering a motion to dismiss, courts accept the plaintiffs' factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997).

"The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint." Haug v. Bank of Am., N.A., 2002 U.S. Dist. LEXIS 23901 (D. Mo. 2002). "Where a complaint fails to set forth a legally cognizable claim the action must be dismissed." Nokes v. United States Coast Guard, 282 F.Supp.2d 1085, 1087 (D. Minn. 2003).

II. Analysis

The Carmack Amendment to the Act provides the exclusive remedy for loss of cargo moving in interstate commerce. Adams Express Co. v. Croninger, 226 U.S. 491, 505-506, 33 S.Ct. 148, 57 L.Ed. 314 (1913). See also Hopper Furs, Inc. v. Emery Air Freight Corp., 749 F.2d 1261, 1264 (8th Cir. 1984) ("all actions against a common carrier . . . are governed by the federal statute.").

To establish a prima facie case under the Carmack Amendment, the Plaintiff must allege "delivery in good condition, arrival in damaged condition, and the amount of damages." Plaid Giraffe, Inc. v. United Parcel Service, Inc., 1994 WL 544505 (D. Kan. 1994) (citations omitted). Plaintiff's complaint contains no assertion that the goods were undamaged prior to shipment. Nor does the complaint clearly assert the damages alleged and sought in this action. Accordingly, the face of Plaintiff's complaint fails to state a cause of action under the Carmack Amendment.

2

III.    <u>Conclusion</u>

Accordingly, Plaintiff's complaint is dismissed, without prejudice. FED. R. CIV. P. 12(b)(6). Pursuant to Rule 15(a), Plaintiff is granted ten (10) days' leave from the date of this Order to file an amended complaint.

IT IS SO ORDERED

<u>/s/ DEAN WHIPPLE</u>
Dean Whipple
United States District Judge

DATE:  <u>November 28, 2005</u>